## CIRCUIT COURT OF ARLINGTON COUNTY

Maurice P. Fox et al.

v.

Guaranty Bank & Trust Co.

January 14, 1983

Case No. (Law) 23736

By JUDGE CHARLES H. DUFF

I have carefully examined the memoranda of the parties which are part of the file and the authorities cited therein. The narrow and precise issue presented by the Defendant's assertion of the Statute of Limitations is: "When did the present claim against the Bank accrue?"

Plaintiffs contend the cause accrued in 1980 when the account was closed and the Bank refused to credit it with the funds which had allegedly been improperly deducted in 1976. Plaintiffs argue that there was no deduction, in law; that the wrongful deduction was a nullity, did not exist and cites *Central National Bank v. First & Merchants National Bank*, 171 Va. 289 (1964), in support thereof. Defendant contends and Plaintiffs concede that all wrongful deductions had been made prior to July 30, 1976, and that even a five year Statute of Limitations had run prior to their action being filed on July 6, 1982. I agree with the Defendant.

The *Central National Bank* Court was not concerned with a Statute of Limitations issue. The language quoted by Plaintiffs regarding a wrongful deduction being a "nullity" referred to the depositor's rights. It has long been recognized that a forged signature is no signature and a depositor has the same rights to his account balance as it existed before the

deduction on the basis of a forged signature. However, for Statute of Limitations purposes, the wrongful deduction against a depositor's account, such being brought to the attention of the depositor as here, completes the violation of a duty to the depositor. The cause of action accrues at that time in my judgment and suit could be promptly brought.

Accordingly, the Defendant's Motion for Summary Judgment based on the running of the Statute of Limitations is granted.